UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

Case No. 2:23-cr-20701

HONORABLE STEPHEN J. MURPHY, III

v.

CONRAD ROCKENHAUS,

    Defendant.
_____/

## ORDER DENYING
## DEFENDANT'S MOTION FOR BOND PENDING APPEAL [36]

Defendant pleaded guilty to supervised release violations, and the Court sentenced him to six months' imprisonment. ECF No. 27, PageID.88. After the Court entered judgment, among other motions, Defendant filed an "Emergency Application for Home Confinement or Appeal Bond." ECF No. 36. The Court will deny Plaintiff's motion.

As an initial matter, Defendant alleged that he has not received prescribed medications since being in custody. ECF No. 36, PageID.137. Defendant stated that, because of the alleged neglect, his health has deteriorated. *Id.* Courts have consistently held, however, that the appropriate avenue for an incarcerated individual to challenge the conditions of their confinement is through a civil action. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013); *United States v. McCallum*, 2024 U.S. Dist. LEXIS 69473, at *3 (E.D. Mich. Apr. 16, 2024) (explaining that "courts have generally

1

declined to address these concerns through a simple motion in a criminal case, instead requiring an incarcerated individual to directly challenge their conditions of confinement through a civil action consistent with the Prisoner Litigation Reform Act (PLRA)"). To challenge the conditions of his confinement, therefore, Plaintiff should follow the procedures set forth in the Prison Litigation Reform Act.

Next, Defendant asked for release pending appeal. ECF No. 36, PageID.137. The Court may release Defendant pending appeal if he can demonstrate: "(1) by clear and convincing evidence that his release would not pose a risk of flight or danger to the safety of another person or the community, and (2) that his appeal is not for delay and raises a substantial question of law or fact likely to result in reversal, a new trial, or a sentence that does not include a prison term, or a sentence of a prison term less than the time he has served plus the expected duration of the appeal." *United States v. Alqsous*, 2019 U.S. App. LEXIS 30589, at *1–2 (E.D. Mich. Oct. 11, 2019) (citing 18 U.S.C. § 3143(b)(1)). The statute has a presumption against release pending appeal. *See United States v. Roach*, 502 F.3d 425, 446 (6th Cir. 2007).

Although Plaintiff alleged a serious medical condition, as noted above, the proper redress should be sought through administrative remedies in the prison or through a separate civil suit. What is more, Plaintiff's allegations in his motion did not satisfy either of the considerations that warrant release pending bond. First, Plaintiff did not explain that he would not pose a flight risk or danger to the community if released, even though the supervised release violations for which he

pleaded guilty involved, among other things, failing to respond to probation officers and/or report to the probation office. *See generally* ECF No. 3, PageID.40-41.

Second, Plaintiff did not explain how his appeal raises a substantial question of law or fact likely to result in a reversal, new trial, or a sentence without a prison term. Defendant pleaded guilty to supervised release violations. And the Court sentenced him to six months imprisonment—a sentence at the lower end of the Sentencing Guidelines for an individual convicted of a Grade C violation with a criminal history category of III. U.S. Sent'g Guidelines Manual §§ 7C1.2, 7C1.5 (U.S. Sent'g Comm'n 2025); *see also United States v. Sears*, 32 F.4th 569, 573 (6th Cir. 2022) (explaining that sentences within the range recommended by the Sentencing Guidelines are presumptively reasonable). For the foregoing reasons, the Court will deny Plaintiff's motion.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion for bond pending appeal [36] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: November 12, 2025