<u>**NOT RECOMMENDED FOR PUBLICATION**</u>

No. 25-1974

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

> **FILED**
> Jan 26, 2026
> KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| CONRAD ROCKENHAUS, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |

O R D E R

Before:  WHITE, BUSH, and NALBANDIAN, Circuit Judges.

Conrad Rockenhaus, a federal prisoner, appeals his supervised-release-revocation sentence.  This panel agrees with the parties that oral argument is not needed, *see* Fed. R. App. P. 34(a), and for the following reasons, we affirm.

In 2022, Rockenhaus pleaded guilty in the Eastern District of Texas to intentional damage to a protected computer.  The district court sentenced him to 40 months' imprisonment, to be followed by a three-year term of supervised release.  Rockenhaus was also ordered to pay $564,633 in restitution.

Rockenhaus commenced his term of supervised release in October 2022.  In December 2023, the Eastern District of Michigan accepted jurisdiction over Rockenhaus's supervision.  In April 2025, the probation office petitioned the district court to revoke Rockenhaus's supervised release.  The probation office alleged that Rockenhaus violated his release conditions by submitting a positive drug test, failing to make his required monthly restitution payments, failing

to report to the probation office, opening seven new lines of credit without permission, and using an Apple iPhone without authorization.

At the revocation hearing on May 13, 2025, Rockenhaus admitted to the violations. The district court agreed to delay sentencing by 120 days to allow Rockenhaus to demonstrate compliance with his release conditions and placed him on a $10,000 bond. In August 2025, the probation office petitioned the district court to revoke Rockenhaus's bond. The probation office alleged that Rockenhaus remained noncompliant because he submitted a positive drug test, possessed an Apple iPhone without authorization, and failed to follow the probation officer's instructions.

At the sentencing hearing on October 17, 2025, the district court revoked Rockenhaus's supervised release. Based on Rockenhaus's Grade C violations, the advisory guideline range was 5 to 11 months' imprisonment. USSG § 7B1.4. The court imposed a within-guidelines sentence of six months' imprisonment.

On appeal, Rockenhaus challenges his sentence as substantively unreasonable because the district court gave too little weight to his physical and mental well-being and to the possible harm he might face as retaliation for his "whistleblowing."

We review for an abuse of discretion the substantive reasonableness of Rockenhaus's sentence. *United States v. Santiago*, 139 F.4th 570, 575 (6th Cir. 2025). Substantive reasonableness focuses on whether a "sentence is too long (if a defendant appeals) or too short (if the government appeals)." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). A claim of substantive unreasonableness is "a complaint that the court placed too much weight on some of the [18 U.S.C.] § 3553(a) factors and too little on others in sentencing the individual." *Id.* We afford within-guidelines sentences a rebuttable presumption of substantive reasonableness. *United States v. Jones*, 81 F.4th 591, 602 (6th Cir. 2023).

Rockenhaus has not rebutted the presumption that his sentence is reasonable. The record does not suggest that the district court placed too much or too little weight on any § 3553(a) factor. The district court stated that it was "grateful" and "aware" of Rockenhaus's military service. Rockenhaus served in the Navy for 12 years, earning several accolades. He was honorably

No. 25-1974
- 3 -

discharged after an IED explosion left him "a hundred percent disabled."  The district court acknowledged his disability diagnosis.  But the court determined that he had become "unsupervisable."  Importantly, the court noted that even though it would "like to send Mr. Rockenhaus home today and say that's the end," his repeated non-compliance over an "unbelievably lengthy" timeframe warranted a short term of imprisonment.  In so concluding, the district court reasonably determined that a within-guidelines sentence was appropriate and did not abuse its discretion in doing so.  *See United States v. Frei*, 995 F.3d 561, 567–68 (6th Cir. 2021).

For these reasons, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

**United States Court of Appeals for the Sixth Circuit**

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 01/26/2026.

**Case Name:**   USA v. Conrad Rockenhaus
**Case Number:**   25-1974

**Docket Text:**
ORDER filed : AFFIRMED Mandate to issue, pursuant to FRAP 34(a)(2)(C), decision not for publication. Helene N. White, Circuit Judge; John K. Bush, Circuit Judge and John B. Nalbandian, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Mr. Conrad Rockenhaus
F.C.I. Milan
P.O. Box 1000
Milan, MI 48160

**A copy of this notice will be issued to:**

Ms. Kaycee Berente
Ms. Kinikia D. Essix
Ms. Corinne M. Lambert