UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                                        Criminal Case No. 23-20701

v.

                                        Hon. Stephen J. Murphy, III

CONRAD ROCKENHAUS,

      Defendant.

_____/

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO VACATE SENTENCE

Defendant Conrad Rockenhaus, proceeding *pro se*, moves the Court to vacate his sentence pursuant to 28 U.S.C. § 2255.   (ECF No. 51.)   Since Rockenhaus is no longer imprisoned, is not subject to a term of supervised release, and no longer suffers from any concrete and continuing injury that could be redressed by a favorable judicial decision, Rockenhaus's motion is moot and should be dismissed for lack of jurisdiction.

## BACKGROUND AND PROCEDURAL HISTORY

Conrad Rockenhaus was convicted of causing Intentional Damage to a Protected Computer in the Eastern District of Texas and sentenced to 40 months of

1

imprisonment, followed by a 3-year term of supervised release. (ECF No. 1-1, PageID.2-4.) This Court accepted transfer of jurisdiction of this matter in December 2023. (ECF No. 2, PageID.10.)

On April 29, 2025, the United States Probation Office filed a violation report and a petition for an arrest warrant against Rockenhaus, alleging that he violated certain conditions of his supervised release, to wit: that he tested positive for marijuana, failed to make restitution payments, failed to report to his probation officer as directed, opened new lines of credit without approval of the probation officer, and possessed and used an unauthorized cellular device. (ECF No. 3, PageID.38-42.) As a result, Rockenhaus was deemed an absconder and arrested. (*Id*. at 41-42.) In May 2025, Rockenhaus appeared before the Court and accepted responsibility for and pleaded guilty to the aforementioned violations. (ECF No. 40, PageID.153.) At that time, the government, the probation department, the defense, and the Court all agreed to adjourn the sentencing to give Rockenhaus a chance to come into compliance with the terms of his supervision. (*Id*. at 150-54.) The Court adjourned the sentencing to September and stated that if it didn't hear anything from Rockenhaus until then, the sentence would be one day in custody, credit for time served, and release from supervision. (*Id*. at 154).

2

On August 20, 2025, the probation department filed a petition for the cancellation of bond and issuance of an arrest warrant based on additional non-compliant conduct allegedly committed by Rockenhaus, conduct similar to that to which he previously admitted.   (ECF No. 12, PageID.57-58.)   The Court ordered the issuance of an arrest warrant, and Rockenhaus was arrested on September 4, 2025.   (*Id*. at 59.)   The Court revoked Rockenhaus's bond the next day and reset the sentencing hearing for October 7.   (ECF No. 17, PageID.65.)   Rockenhaus was eventually sentenced to six months in custody with no further term of supervised release.   (ECF No. 27.)   The sentence was affirmed on direct appeal. *United States v. Rockenhaus*, No. 25-1974, Doc. 26-1 (6th Cir. Jan. 26, 2026) (unpublished order).

Rockenhaus filed the instant motion to vacate his sentence on February 20, 2026.   (ECF no. 51.)   In it, he claims that his defense attorneys were ineffective because they failed to present mitigating evidence regarding his conduct on supervision to the Court.   (*Id*. at 276.)   As relief, Rockenhaus seeks dismissal of his case, "namely the Failure to Report and Unauthorized Device counts."   (*Id*. at 277.)   Rockenhaus was released from the custody of the Bureau of Prisons on March 2, 2026.

## ARGUMENT

When a federal prisoner files a § 2255 motion in federal court, he must: (1) "show that he meets the statutory definition of those who may seek § 2255 relief;" and (2) "demonstrate that he has standing to seek relief from the federal courts." *Pola v. United States*, 778 F.3d 525, 529 (6th Cir. 2015) (citing *Spencer v. Kemna,* 523 U.S. 1, 7 (1998)).[1] "This means that, throughout the litigation, the [petitioner] must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (quoting *Spencer*, 523 U.S. at 7).

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" may file a § 2255 motion. 28 U.S.C. § 2255(a). A prisoner's (or a parolee's) challenge to the validity of a conviction satisfies Article III's case-or-controversy requirement because a defendant's incarceration or parole restriction constitutes a concrete injury for which the court can provide relief by invalidating the conviction. *Demis*

---

[1] *Spencer* involved a state habeas petitioner's challenge to the revocation of his parole under 28 U.S.C. § 2254. Courts, including the Sixth Circuit as cited herein, have applied *Spencer* in the context of adjudicating a § 2255 motion. The Government therefore submits that *Spencer's* reasoning and analysis is applicable to the revocation of supervised release at issue in this matter.

*v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (citing *Spencer*, 523 U.S. at 7).   But once a sentence has expired, there must be "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—" for the suit to be maintained and not denied as moot.   *Id*. (quoting *Spencer*, 523 U.S. at 7).   And as the party seeking the exercise of jurisdiction, the defendant bears the burden to clearly allege facts demonstrating that he has suffered such an injury.   *Id*. at 515-16 (citing *Spencer*, 523 U.S. at 11).

When a habeas petitioner challenges the constitutionality of his criminal conviction, courts presume that he will experience lasting collateral consequences from the conviction.   *Pola*, 778 F.3d at 530 (citing *Spencer*, 523 U.S. at 12; *Sibron v. New York*, 392 U.S. 40, 55-57 (1968)).   However, that presumption does not extend to petitioners who challenge the revocation of parole but not the underlying conviction.   *Id.* at 530, n.1 (citing *Spencer*, 523 U.S. at 14).   Thus, a petitioner who asserts only a wrongful termination of his parole status must do more than point to the "generalized and hypothetical" collateral consequences typically associated with convictions; he must articulate concrete and continuing injuries or deprivations resulting from the parole revocation itself.   *See Demis*, 558 F.3d at 515-16 (citing *Spencer*, 523 U.S. at 10, 12-13).

Where a habeas petitioner chooses to attack only his sentence, and not the underlying conviction or the revocation of supervised release, and that sentence expires during the course of the habeas proceeding, the petitioner's claim for relief is moot. *United States v. Behnan*, 624 F.Supp.3d 865, 869 (E.D. Mich. 2022); *Smith v. United States*, No. 4:13-cr-20548, 2019 WL 3322367, at *3 (E.D. Mich. July 24, 2019) (citing *Brock v. White*, No. 2:09-CV-14005, 2011 WL 1565188, at *2 (E.D. Mich. Apr. 25, 2011); *United States v. Roberson*, No. 16-12370, 2018 WL 949857 at *2 (E.D. Mich. Feb. 20, 2018), and *United States v. Buchannan*, Nos. 07-10094, 02-90030, 2008 WL 2008556, at *2 (E.D. Mich. May 8, 2008)).

Rockenhaus's Motion does not make clear whether he is attacking the revocation of his supervised release or the resulting six-month sentence therefrom, or both. Regardless, he is no longer incarcerated or on supervision, and alleges no collateral consequences in his petition (nor can any be presumed). Rockenhaus's petition no longer presents a case or controversy to meet Article III's requirement. Therefore, his claims are moot.

## CONCLUSION

For the reasons stated above, Rockenhaus's motion to vacate his sentence should be dismissed.

6

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

*/s/ Corinne M. Lambert*
Corinne M. Lambert
Special Assistant U.S. Attorney
211 West Fort, Suite 2001
Detroit, Michigan 48226
(313) 226-9129
Corinne.Lambert@usdoj.gov

Date: March 6, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2026, I filed the foregoing electronically via the CM/ECF system and mailed a copy via the United States Postal Service to:

Conrad Rockenhaus
2468 Fernwood Ave.
Ann Arbor, MI 48104

*s/Corinne M. Lambert*
CORINNE M. LAMBERT