UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

Case No. 2:23-cr-20701

HONORABLE STEPHEN J. MURPHY, III

v.

CONRAD ROCKENHAUS,

Defendant.

_____/

### ORDER DENYING MOTION TO VACATE AS MOOT [51]

On February 20, 2026, Defendant moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 51. He argued that his counsel was ineffective. *Id.* at PageID.276. The Court ordered the Government to respond, ECF No. 54, and the Government did so on March 6, 2026. ECF No. 55. The Government argued that Defendant's motion is moot because he was released from custody on March 2, 2026. *Id.* at PageID.287. Defendant did not reply.  The Court agrees with the Government and will deny the motion as moot.

"Once a prisoner's sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole--some collateral consequence of the conviction--must exist if the suit is to be maintained." *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (citation modified) (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Defendant is no longer in custody, and he is not subject to supervised release. *See* ECF No. 27. Accordingly, Defendant no longer has "an actual injury that

1

is capable of being redressed by a favorable judicial decision." *Demis*, 558 F.3d at 512 (citation omitted). The Court will therefore deny Defendant's motion as moot.

**WHEREFORE**, it is hereby **ORDERED** that Defendant's motion [51] is **DENIED AS MOOT**.

**SO ORDERED.**

<u>s/ Stephen J. Murphy, III</u>
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 6, 2026